UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Dec 21 2017
U.S. DISTRICT COURT
Northern District of WV

GEORGETTE CHMURA,

    Plaintiff,

v.

MONONGALIA HEALTH SYSTEM,

    Defendant.

Case No. 1:17-CV-222 (Keeley)

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES, Plaintiff, Georgette Chmura, by and through her attorney, Martell Harris, Esq., of Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C §12101-12213. Plaintiff was terminated due to disability discrimination.

### II. Jurisdiction and Venue

2. This action arises under the ADA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. Defendant is a resident and citizen of West Virginia, a substantial part of the events or omissions giving rise to the claims occurred in Northern West Virginia and, therefore, this action is within the jurisdiction of the United States District Court for the Northern District of West Virginia and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff, Georgette Chmura ("Plaintiff") is an adult individual with a primary residence located at 281 Buckingham Road, Scenery Hill, PA 15360.

5. Defendant, Monongalia Health System, ("Defendant"), is a business organization located at 1200 J.D. Anderson Drive, Morgantown, WV 26505.

### IV. Facts

6. Plaintiff began working for Defendant in January 2005 as a Registered Nurse.

7. Plaintiff's protected class is "disabled."

8. On or around November 7, 2016, Plaintiff applied for a medical exemption for the Influenza Vaccine.

9. Plaintiff received a similar vaccination in 2015, and endured a dangerous allergic reaction.

10. Plaintiff attempted to engage in an interactive process by offering to wear a surgical mask, in lieu of the vaccination, as a reasonable accommodation.

11. Other employees of Defendant are allowed to wear surgical masks in lieu of the vaccination for religious purposes.

12. Defendant denied Plaintiff's request for accommodation on November 7, 2016 and informed Plaintiff that she would be considered to have "voluntarily resigned" her employment if she did not accept the vaccination by November 23, 2016.

13. Plaintiff consulted her physician, Dr. Maria Guana, on or about November 15, 2016 about the issue. Dr. Guana advised her that it was medically necessary that she _not_ receive an Influenza Vaccination, because she believed, in her expert medical opinion, that Plaintiff has a

hypersensitivity to a component in the Influenza Vaccine. She further recommended that Plaintiff wear a mask during work in lieu of accepting the vaccination.

14. Plaintiff re-submitted her exemption request after her appointment with her physician. She included documentation from Dr. Guana, along with a Vaccine Adverse Event Reporting System Report, which detailed her previous reaction to the Vaccine. Plaintiff also submitted documentation from George Anderson, a Rite Aid Pharmacist that administered her 2015 Influenza season Vaccination.

15. Mr. Anderson's report indicated that Plaintiff had an adverse reaction to the Influenza Vaccination that he administered to her.

16. On November 18, 2016, Plaintiff's second exemption request was denied, she was issued a suspension, and she was also informed that she had not complied with the Respondent's policy. The letter stipulated that if she still had not complied with the policy by November 23, 2016, she would be considered to have resigned my employment.

17. Plaintiff responded that she was not resigning, and any cessation of employment would be due to termination.

18. On November 23, 2016, Plaintiff was terminated by Defendant.

19. Plaintiff filed a timely complaint, via facsimile, with the Equal Opportunity Employment Commission ("EEOC") on March 22, 2017. *See Exhibit 1*.

20. The EEOC issued a Notice of Right to Sue on September 26, 2017. *See Exhibit 2*.

### V. Allegations

#### COUNT I
#### ADA Discrimination

21. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

22. Defendant paid Plaintiff on a regular payroll basis in exchange for duties performed by the Plaintiff, and for the Defendant, within its regular course of the Defendant's business. Defendant therefore constitutes an employer, and Plaintiff an employee, within the meaning of the ADA.

23. Plaintiff is disabled in that she suffers from a severe Influenza-vaccine allergy.

24. Plaintiff's disabilities substantially limit one or more major life activities, including walking, breathing, and speaking.

25. Plaintiff attempted to engage in an interactive process by offering to wear a surgical mask, in lieu of the vaccination, as a reasonable accommodation.

26. Other employees of Defendant are allowed to wear surgical masks in lieu of the vaccination for religious purposes.

27. Defendant denied Plaintiff's request for accommodation on November 7, 2016 and informed Plaintiff that she would be considered to have "voluntarily resigned" her employment if she did not accept the vaccination by November 23, 2016.

28. Plaintiff subsequently provided Defendant with documentation of her inability to take the Influenza vaccine, from both her physician, Dr. Maria Guana, as well as her pharmacist, George Anderson, who administered the vaccine in 2015 and noted her adverse reaction in her file.

29. On November 18, 2016, Plaintiff's second exemption request was denied, she was issued a suspension, and she was also informed that she had not complied with the Respondent's policy.

30. On November 23, 2016, Plaintiff was terminated by Defendant.

31. Plaintiff was willing and able to perform the essential functions of her job with a reasonable accommodation of wearing a surgical mask in lieu of the vaccination, which was granted to other employees.

32. Plaintiff believes, and therefore avers, that Defendant terminated her due to her disability and because she requested a reasonable accommodation, in violation of the ADA.

33. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; compensatory damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ David W. Frame
WV Bar ID #1269
Suite 2, Nationwide Bldg.
493 Washington Ave.
Clarksburg, WV 26301
304-623-5690
888-613-9984
dwframe@framelaw.com

/s/ Sean L. Ruppert
PA ID: 319504
**KRAEMER, MANES & ASSOCIATES LLC**
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5585 Direct
(412) 637-0231 Fax
mh@lawkm.com